IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA INFANTE, | ) |
| Plaintiff, | ) |
| | ) Case No. 15 C 10596 |
| v. | ) |
| | ) Judge John Z. Lee |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Victoria Infante ("Plaintiff") brought this action against Defendant Portfolio Recovery Associates, LLC ("Defendant"), alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* After Defendant moved for summary judgment, Plaintiff voluntarily dismissed her claim, and Defendant thereafter moved for sanctions under Rule 11. The Court referred Defendant's motion to Magistrate Judge M. David Weisman, who recommended that the motion be denied. For the reasons that follow, the Court adopts Magistrate Judge Weisman's report and recommendation [97], overrules Defendant's objections [100], and denies Defendant's motion [73].

### Factual and Procedural Background

Plaintiff defaulted on a Synchrony Bank consumer credit card account. Am. Compl. ¶¶ 9–10, ECF No. 7. Defendant allegedly purchased Plaintiff's debt and thereafter tried to collect it from Plaintiff. *Id.* ¶¶ 11–12. In response, Plaintiff informed Defendant in June 2015 that she disputed the debt. *Id.* ¶ 12. Plaintiff claims that, despite informing Defendant of the disputed nature of the debt, Defendant failed to communicate this information to Experian in

1

July 2015 in violation of 15 U.S.C. § 1692e(8). *Id.* ¶ 17. Her basis for this allegation is an Experian report dated July 14, 2015, which does not indicate that her debt was disputed. *Id.*, Ex. D.

Plaintiff filed her First Amended Complaint in this action on November 15, 2015. On January 21, 2016, prior to filing an answer to the complaint, Defendant shared internal documentation with Plaintiff that, in Defendant's view, established that it had in fact informed Experian (along with TransUnion and Equifax) on July 8, 2015, that Plaintiff's debt was disputed. Def.'s Objs. 1, ECF No. 100; *see* Def.'s Mot. Sanctions, Ex. A, ECF No. 74. Then, in February 2016, Plaintiff produced a TransUnion report from July 16, 2015, that indicated her debt was disputed. Def.'s Objs. at 2; *see* Def.'s Mot. Sanctions, Ex. B, ECF No. 75. Finally, in March 2016, Defendant served an initial Rule 11 motion on Plaintiff, attaching a declaration from one of Defendant's executives authenticating its internal records that Defendant had in fact reported to Experian (along with TransUnion and Equifax) on July 8, 2015, that Plaintiff's debt was disputed. Def.'s Objs. at 2; *see* Def.'s Mot. Sanctions, Ex. C, ECF No. 76.

Defendant thereafter filed its initial Rule 11 motion in April 2016, at which time the Court dismissed the motion without prejudice and granted Defendant leave to refile after moving for summary judgment. Defendant moved for summary judgment in September 2016. In October 2016, Plaintiff filed a suggestion of bankruptcy, following which she moved to voluntarily dismiss the case. The Court granted the motion but later reopened the case in order to permit Defendant to file its present motion for sanctions. In its motion, Defendant states that Plaintiff's claim lacked a factual basis. Def.'s Mot. Sanctions ¶ 30. It further asserts that Plaintiff's counsel failed to adequately investigate the factual basis of the claim and pursued the claim despite its lack of a factual basis. *Id.* ¶¶ 30–32.

The Court referred the motion to Magistrate Judge Weisman, who recommended that the motion be denied. *See* Report & Rec., ECF No. 97. He explained that the evidence that Defendant produced against Plaintiff's claim did not establish that it was meritless such that Plaintiff should have dismissed the claim earlier. *Id.* at 3. "Given this contradictory evidence," he reasoned, "plaintiff and her counsel were not required blindly to accept defendant's version of the facts." *Id.* He noted that the Experian report "squarely disputed" Defendant's representations, and that "[b]ased on the divergence of information that the parties possessed, plaintiff was entitled to investigate the veracity of the relevant facts through the discovery process without running afoul of Rule 11." *Id.*

## Legal Standard

The imposition of sanctions is a dispositive matter for which magistrate judges make a recommendation that district courts review *de novo*. *See Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424, 431 (N.D. Ill. 2012). The Seventh Circuit has further articulated the *de novo* standard:

> *De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

## Analysis

Defendant seeks sanctions under Rule 11 and 28 U.S.C. § 1927.[1] Rule 11 states, in pertinent part, that "[b]y presenting to the court a pleading, written motion, or other paper—

---

[1] Defendant also references 15 U.S.C. § 1692k(a)(3), under which the court can award a defendant "attorney's fees reasonable in relation to the work expended and costs" upon a finding that an FDCPA

3

whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). In determining if sanctions for violating Rule 11 are warranted, "[t]he court must 'undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless.'" *Cuna Mut. Ins. Soc. v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993)). A number of factors bear on the reasonableness of an inquiry into factual allegations, including

> [w]hether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts.

*Beverly Gravel, Inc. v. DiDomenico*, 908 F.2d 223, 225 (7th Cir. 1990) (quoting *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752 (7th Cir. 1988)). The decision to impose sanctions under Rule 11 is entrusted to the discretion of the district court, which is best situated to know whether an attorney conducted a proper inquiry into the facts underlying a case. *Cuna*, 443 F.3d at 560; *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993) ("[C]onsiderable discretion is placed in the district court in analyzing the case, the behavior of the attorneys, and the applicable law, to determine if the requirements of Rule 11 have been met.").

---

claim "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). Defendant does not offer any argument specific to this provision, and thus the Court need not discuss it further. *See United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (noting the longstanding rule that undeveloped arguments are waived). In any case, for the reasons that follow, the Court finds that Plaintiff's action was not brought in bad faith or for the purpose of harassment.

Turning to Section 1927, it states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Sanctions can be awarded under § 1927 "if the attorney 'has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice . . . or where a claim [is] without a plausible legal or factual basis and lacking in justification.'" *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (alterations in original) (quoting *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988)). Section 1927 "'impose[s] a continuing duty upon attorneys to dismiss claims that are no longer viable.'" *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990)). Indeed, "dogged pursuit of a colorable claim becomes actionable bad faith once the attorney learns (or should have learned) that the claim is bound to fail." *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). Whether to grant sanctions under § 1927 is similarly entrusted to the discretion of the district court. *Walter*, 840 F.2d at 433.

Defendant raises a number of objections to Magistrate Judge Weisman's report and recommendation. First, Defendant argues that "[i]n her response to Rule 11 motion [*sic*], Plaintiff conceded facts which completely refute her claim." Def.'s Objs. at 3. As an initial matter, this argument misconstrues Plaintiff's response to Defendant's Rule 11 motion, which made no such concession. *See* Pl.'s Resp. Mot. Sanctions 5–6, ECF No. 86 (defending Plaintiff's counsel's investigation into the factual basis for the claim "[d]espite Defendant's arguments and so-called proof to the contrary").

More to the point, the facts that Plaintiff purportedly conceded do not completely refute her claim. Defendant's proffered evidence in support of its view that it informed Experian of the disputed status of Plaintiff's debt—namely, its internal records indicating that it informed credit agencies on July 8, 2015, that the debt was disputed, its declaration authenticating the records, and the July 16, 2016 TransUnion report—does not change the fact that the July 14, 2015 Experian report did not indicate her debt was disputed, seemingly contradicting Defendant's evidence. From this report, it was reasonable to infer that Defendant had not reported Plaintiff's debt as disputed to Experian and to question the veracity of Defendant's representations to the contrary. In short, in light of the July 14 Experian report, it was not unreasonable for Plaintiff and her counsel to pursue her claim.[2]

Moreover, as a general matter, Rule 11 and § 1927 do not require litigants and counsel to abandon pursuit of claims in the face of contrary evidence. *See Kizer v. Children's Learning Ctr.*, 962 F.2d 608, 613 (7th Cir. 1992) (holding that a plaintiff's claim that was dismissed at the summary judgment stage, in part because it was based on "nothing but supposition and conjecture," was not pursued with inadequate investigation so as to violate Rule 11); *Colan v. Cutler-Hammer, Inc.*, 812 F.2d 357, 360 n.2 (7th Cir. 1987) (explaining that failure to raise a genuine issue of material fact at the summary judgment stage does not automatically equate to a Rule 11 violation); *see also Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978) ("Even when . . . the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."); *cf. Ross v. RJM Acquisitions Funding, LLC*, No. 04C6557, 2006 WL 3490457, at *6 (N.D. Ill. Dec. 4, 2006) ("[I]n light of [the defendant's]

---

[2] Importantly, Defendant does not challenge Plaintiff's legal theory that falsely reporting a debt as undisputed to one credit agency on one occasion can violate the FDCPA. Defendant's only basis for seeking sanctions is the factual investigation of Plaintiff's claim.

decision not to contest whether the debt had been discharged, effectively a tacit admission that the letter violated the FDCPA, [plaintiff's] attorneys should not be sanctioned under § 1927 for continuing to pursue the case to see if [defendant] could establish a defense."). Plaintiff and her counsel acted reasonably in relying on the Experian report to pursue her claim through discovery, even if discovery revealed evidence undermining her claim. *Cf. Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir. 1987) ("It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case. Discovery fills in the details, but you must have the outline of a claim at the beginning.").

The cases on which Defendant principally relies—*Brown v. National Bd. of Med. Examiners*, 800 F.2d 168 (7th Cir. 1986), *Brown v. Federation of State Medical Boards of the U.S.*, 830 F.2d 1429, 1431 (7th Cir. 1987), *abrogated on other grounds by Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928 (7th Cir. 1989), and *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750 (7th Cir. 1988)—do not suggest otherwise. In the first case, an attorney admitted at oral argument that a motion he filed "lacked evidentiary support as submitted," *Brown*, 800 F.2d at 172, the facts were not capable of being construed to support the plaintiff's position, and the motion "accus[ed] the opposition of serious misconduct based on little more than supposition," *id.* Plaintiff's case here had stronger footing. In the second case, the same attorney assumed representation as the third lawyer in the case at issue and filed a complaint after the same plaintiff had been previously warned about the claim's lack of plausibility. *Brown*, 830 F.2d at 1432, 1436. The plaintiff and his attorney did so in the face of "unrebutted evidence" that "made clear that Brown had no claim," *id.* at 1436. By contrast, here, Defendant's evidence was contradicted by the Experian report, which provided a colorable basis for Plaintiff's claim. The third case involved claims "barred on [their] face[s] by the statute of limitations," *Fred A.*

7

*Smith Lumber Co.*, 845 F.2d at 752, and the plaintiff's counsel "failed to do the requisite legal research," "persisted in advancing [ ] objectively unreasonable claims," and "generally acted in bad faith by filing a complaint for fraud in the hope that future discovery might uncover the allegations of wrongdoing," *id.* at 754. The same cannot be said here.

Defendant contends that because the Experian report "[was] issued by a third party completely out of [Defendant's] control," Def.'s Objs. at 5, Plaintiff "attempt[s] to shift the burden of producing evidence in support of her contentions to Defendant," Def.'s Reply Supp. Objs. 2, ECF No. 103. But this argument abdicates Defendant's burden to prove that Plaintiff and her counsel pursued her case in an objectively unreasonable manner. Even granting, *arguendo*, that Experian's conduct would be insufficient evidence from which Plaintiff could prove her FDCPA claim, Experian's report is nevertheless some evidence in support of her contentions and provides a sufficient factual basis to pursue her claim through discovery.

Defendant further objects to Magistrate Judge Weisman's report and recommendation on the basis that Plaintiff continued to pursue her case, even though Defendant had presented evidence contradicting her claim "multiple times." Def.'s Objs. at 3, 5–6. But, as noted above, armed with the July 14 Experian report, Plaintiff did not have to blindly accept Defendant's evidence at face value. Defendant focuses in particular on the July 16, 2015 TransUnion report, which indicated Plaintiff's debt was disputed, noting Plaintiff's admission in her July 2016 deposition that she had not reviewed it prior to that day. *Id.* at 3, 6. But Defendant places undue weight on this report.[3] While the TransUnion report indeed indicated that Plaintiff's debt was disputed, it does not void completely the probative value of the Experian report issued two days

---

[3] Defendant goes so far as to represent that "Plaintiff testified that she may not have filed the instant lawsuit had she seen this report." *Id.* at 6. But Plaintiff's testimony was that she did not know if the report would have changed her outlook. Def.'s Reply Supp. Mot. Sanctions, Ex. 1, at 70:21–71:7, ECF No. 87-1.

earlier. It was not unreasonable for Plaintiff to pursue her claim on the theory that, whatever may have been reported to TransUnion, Defendant had failed to inform Experian that Plaintiff had disputed the debt ahead of its July 14 report. Nor was Plaintiff required to credit, without discovery, Defendant's assertion that it regularly issues the same report to all credit agencies. *See Kizer*, 962 F.2d at 213; *Colan*, 812 F.2d at 361.

Finally, Defendant argues that Plaintiff's counsel had an obligation to review Experian credit reports issued after July 14, 2015, before pursuing her claim. Def.'s Objs. at 3, 7.[4] But such a theory would require Plaintiff's counsel to seek out evidence unrelated to Plaintiff's claim—which is premised entirely on the July 14 report. Am. Compl. ¶¶ 15, 17. Indeed, even assuming that subsequent reports issued by Experian indicated that Plaintiff's debt was disputed, they would not disprove Plaintiff's theory that Defendant had falsely reported her debt prior to July 14.[5]

## Conclusion

For the foregoing reasons, the Court adopts Magistrate Judge Weisman's report and recommendation [97], overrules Defendant's objections [100], and denies Defendant's motion for sanctions [73].

**IT IS SO ORDERED. 6/6/17**       **ENTERED:**

*[signature: John Z. Lee]*

**JOHN Z. LEE**
**United States District Judge**

---

[4] Defendant also appears to object to Plaintiff's refusal to produce such reports in discovery. But any relief on this basis should have been timely sought through Rule 37. "[Rule 11] does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).

[5] Defendant refers the Court to a recent instance in which Plaintiff's counsel was sanctioned in another case where the plaintiff "changed her settlement position . . . without timely notice to Defendant or good cause." Def.'s Objs., Ex. 1. Plaintiff's counsel's conduct in this other case is irrelevant to whether counsel acted reasonably in investigating the factual underpinnings of the present case.